UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALPHONZO DAVIS,<br><br>                Petitioner,<br><br>vs.<br><br>DAVID ROCK,[1] Superintendent, Great Meadow Correctional Facility,<br><br>                Respondent. | No. 9:07-cv-00222-JKS<br><br>MEMORANDUM DECISION |

      Petitioner Alphonzo Davis, a state prisoner proceeding *pro se*, filed a petition for habeas corpus relief under 28 U.S.C. § 2254.  Davis is currently in the custody of the New York Department of Correctional Services, incarcerated at the Great Meadow Correctional Facility. Respondent has answered, to which Davis has replied.

I.  BACKGROUND/PRIOR PROCEEDINGS

      Davis was convicted in the Albany County Court, after a jury trial, of Murder in the Second Degree (N.Y. Penal Law § 125.25(1)), Attempted Murder in the Second Degree (N.Y. Penal Law §§ 110.00/125.25(1)), and Criminal Possession of a Weapon in the Second Degree (N.Y. Penal Law § 265.03(2)).  The trial court sentenced Davis as a second felony offender to a prison term of 25 years to life for the murder count, a consecutive 25-year determinate sentence with five years' of post-release supervision for the attempted murder count, and a concurrent 15-year determinate period of incarceration with five years' post-release supervision for the weapons-possession count, for an aggregate prison term of 50 years.  Davis timely appealed his conviction to the Appellate Division, Third Department, which affirmed the conviction, and the

---

      [1] David Rock, Superintendent, Great Meadow Correctional Facility, is substituted for George Duncan, Superintendent, Great Meadow Correctional Facility.  Fed. R. Civ. P. 25(d).

New York Court of Appeals denied leave to appeal on February 24, 2006.[2]  Davis timely filed his petition for relief in this Court on March 2, 2007.

## II.  ISSUES PRESENTED/DEFENSES

In his petition Davis raises three grounds: (1) the admission into evidence of statements to the lead detective during the course of the investigation by a witness who did not testify at trial violated his right to confrontation; (2) comments by the prosecutor in summation deprived petitioner of a fair trial; and (3) the imposition of consecutive sentences was illegal and violated petitioner's right to a jury trial.  Respondent contends that Davis has not properly exhausted his second ground, improper summation by the prosecutor.  Respondent does not assert any other affirmative defenses.[3]

## III.  STANDARD OF REVIEW

Because Davis filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d).  Consequently, this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[4]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[5]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that

---

[2] *People v. Davis*, 805 N.Y.S.2d 435 (N.Y. App. Div. 2005), *lv. denied*, 845 N.E.2d 1282 (N.Y. 2006).

[3] *See* Rules—Section 2254 Cases, Rule 5(b).

[4] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

[5] *Williams*, 529 U.S. at 412.

the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[6]  When a claim falls under the "unreasonable application" prong, a state court's application of the Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[7]  The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination was incorrect.[8]  In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state court criminal trial is whether the error had a substantial and injurious effect or influence in determining the jury's verdict.[9]

In applying this standard, this Court reviews the last reasoned decision by the state court.[10]  Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[11]

To the extent that Davis raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding.  It is a fundamental precept of dual federalism that the States possess primary authority for defining and enforcing the criminal law.[12]  A federal court must accept that state courts correctly applied state laws.[13]  A petitioner may not transform a state-law issue into a federal one by simply asserting a violation of due

---

[6] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 128 S. Ct. 743, 746-47 (2008) (per curiam).

[7] *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003).

[8] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[9] *Fry v. Pliler*, 551 U.S. 112, ___, 127 S. Ct. 2321, 2328 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

[10] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991).

[11] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[12] *See Engle v. Isaac*, 456 U.S. 107, 128 (1982).

[13] *Bell v. Cone,* 543 U.S. 447, 455 (2005); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

process.[14]  A federal court may not issue a habeas writ based upon a perceived error of state law unless the error is sufficiently egregious to amount to a denial of due process under the Fourteenth Amendment.[15]

## IV.  DISCUSSION

Ground 1:  Confrontation Claim.

Davis presents the same arguments before this Court as he did before the Appellate Division.  The testimony challenged was that of the lead detective who investigated the crime, Kenneth Wilcox.  Wilcox testified to a statement made to him by a third party (Anthony Malloy) that a separately tried co-defendant, Sherrod Craft, had told  Malloy that he (Craft) and Davis committed the crime; presenting a double-hearsay issue.  Davis argues that the admission of this testimony violated the Confrontation Clause or, alternatively, if not in violation of the Confrontation Clause was unduly prejudicial and should have been excluded.  The Appellate Division recounted in encapsulated form the challenged testimony and rejected Davis's arguments:[16]

> Defendant now appeals primarily challenging County Court's ruling permitting the lead detective, Kenneth Wilcox, to relate statements made to him during the course of the investigation by a witness who did not testify at trial.  Defendant argues that this ruling violated his Sixth Amendment right to confront witnesses (*see Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 [2004]) and, even if the testimony was admissible, it was unduly prejudicial.  On direct examination, Wilcox detailed the course of the 14-month investigation, recounting that two weeks after the shooting he determined the motive for it and possible suspects after a witness reported that Craft had admitted his and defendant's role in the shooting during a conversation the day after it occurred.  The court overruled defense counsel's hearsay objection, repeatedly instructing the jury that the statements were not offered to prove the truth of what the witness had said to Wilcox out of court and were not direct evidence but, rather, were admissible merely to recount the actions taken by law enforcement.  On cross-examination, defense counsel focused on how other suspects had been eliminated

---

[14] *See Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2d Cir. 2002).

[15] *See Pulley v. Harris*, 465 U.S. 37, 41 (1984).

[16] *Davis*, 805 N.Y.S.2d at 437–38.  Davis does not challenge the accuracy or adequacy of this encapsulated version of the testimony,

and explored the motive for the out of court statements to the detective. On redirect examination, the court permitted Wilcox to testify to the statement in greater detail, over defense objections.

Initially, although *Crawford* was decided after this trial, it enunciated a "new rule" (*Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 [1987]) and, as such, applies retroactively to this appeal (*see People v. Hardy,* 4 N.Y.3d 192, 197, 791 N.Y.S.2d 513, 824 N.E.2d 953 [2005]; *People v. Pacer,* 21 A.D.3d 192, 194, 796 N.Y.S.2d 787 [2005]; *People v. Ryan,* 17 A.D.3d 1, 3 n. 1, 790 N.Y.S.2d 723 [2005]). Under *Crawford,* the witness statement was "testimonial" in nature in that it was taken by police officers "in the course of interrogations" (*Crawford v. Washington, supra* at 52, 124 S.Ct. 1354; *see People v. Ryan, supra* at 4, 790 N.Y.S.2d 723; *cf. People v. Bradley,* 22 A.D.3d 33, 37, 799 N.Y.S.2d 472, 476 [2005]; *People v. Newland,* 6 A.D.3d 330, 331, 775 N.Y.S.2d 308 [2004], *lv. denied* 3 N.Y.3d 759, 788 N.Y.S.2d 676, 821 N.E.2d 981 [2004]). Here, however, the Confrontation Clause was not implicated because, as County Court properly instructed the jury, the statement was not admitted for its truth (i.e., that defendant and Craft were the shooters) but, rather, for the limited purpose of explaining the detective's actions and the sequence of events during the lengthy investigation leading to defendant's arrest (*see People v. Reynoso,* 2 N.Y.3d 820, 821, 781 N.Y.S.2d 284, 814 N.E.2d 456 [2004]; *People v. Ewell,* 12 A.D.3d 616, 617, 786 N.Y.S.2d 545 [2004], *lv. denied* 4 N.Y.3d 763, 792 N.Y.S.2d 7, 825 N.E.2d 139 [2005]; *People v. Ruis,* 11 A.D.3d 714, 714, 784 N.Y.S.2d 558 [2004], *lvs.* [*sic*] *denied* 4 N.Y.3d 747, 748, 790 N.Y.S.2d 660, 824 N.E.2d 61 [2004]; *People v. Nunez,* 7 A.D.3d 298, 299-300, 776 N.Y.S.2d 551 [2004], *lv. denied* 3 N.Y.3d 679, 784 N.Y.S.2d 17, 817 N.E.2d 835 [2004]; *see also Crawford v. Washington, supra* at 1369 n. 9).

Having found defendant's *Crawford* challenge lacking in merit, we are also unpersuaded by defendant's further arguments that the probative value of this testimony was outweighed by its potential prejudice (*see United States v. Reyes,* 18 F.3d 65, 70 [2d Cir.1994]; *see also United States v. Forrester,* 60 F.3d 52, 59-60 [2d Cir.1995]). In this case, the statements were relevant to central issues disputed at trial and did not suggest that the declarant observed any of the charged crimes or that defendant made an admission. Moreover, any error in the admission of this testimony was harmless (*see People v. Crimmins,* 36 N.Y.2d 230, 242, 367 N.Y.S.2d 213, 326 N.E.2d 787 [1975]).

A. *Admissibility of Malloy's Statement to Wilcox*.

The Appellate Division correctly determined that *Crawford* applied to Malloy's statement in its entirety. The precise question before this Court is whether or not the Appellate Division's application of *Crawford* was objectively unreasonable. *Crawford* "bars 'admission of

testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination.'"[17]   This Court agrees with the Appellate Division that the statement in question, taken in connection with a police investigation "the primary purpose of [which was] to establish or prove past events potentially relevant to later criminal prosecution,"[18] was testimonial.  That does not, however, as the Appellate Division determined, end the inquiry.  In *Crawford* the Supreme Court also noted that the Confontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted."[19]  Two years later in *Davis* the Supreme Court made clear that it is only "testimonial hearsay" that falls within the Confrontation Clause under *Crawford*.[20]

       The Court has considered the cases cited by Davis, *United States v. Cromer*[21] and *United States v. Silva*,[22] and finds them factually inapposite and neither controlling nor persuasive.  In each case the court addressed an appeal from a conviction in a federal court.  Here, the Court considers a conviction in a state court brought to this Court under 28 U.S.C. § 2254.  In *Cromer*, although the testimony of the investigating official concerning a statement made to him by a confidential informant was testimonial as it was here, unlike this case, no limiting instruction was given and the Sixth Circuit determined that the purpose of the testimony was to prove the truth of the matter asserted, *i.e.*, that the defendant participated in the illegal activity, making it testimonial hearsay.[23]  In *Silva*, although, as Davis argues, the Seventh Circuit warned about allowing agents to narrate about their investigations as a means to spread before the jury

---

[17] *Davis v. Washington*, 547 U.S. 813, 821 (2006) (quoting *Crawford*, 541 U.S. at 53–54); *United States v. Logan*, 419 F.3d 172, 177–78 (2d Cir. 2005).

[18] *Davis*, 547 U.S. at 822.

[19] *Crawford*, 541 U.S. 59, n.9.

[20] *Davis*, 547 U.S. at 821.

[21] 389 F.3d 662 (6th Cir. 2004).

[22] 380 F.3d 1018 (7th Cir. 2004).

[23] *Cromer*, 389 F.3d at 677–78.

inculpatory information that is not the subject of cross-examination,[24] that was not the linchpin of the court's decision.  The outcome in *Silva* turned on the fact that in closing argument the prosecutor used some of the testimony as evidence of Silva's guilt and the trial court not only did not sustain the objection of defense counsel and give a curative instruction, but left it to the jury to decide what evidence to use and how to use it.[25]

In this case, as the Appellate Division found, that the trial court repeatedly instructed the jury that the statements were offered for a limited purpose only, not to establish the truth of the statements.[26]  Although, as Davis correctly asserts, the trial court did not repeat the curative instruction in the final instructions to the jury, a review of the prosecutor's summation indicates that, unlike the situation in *Silva*, the prosecutor did not attempt to use the Wilcox testimony in support of a finding of guilt.  Also, unlike *Silva*, no objection was made to the prosecution's summation of the investigation, nor was a further instruction requested.[27]  The statement made to Wilcox by Malloy, although testimonial in nature, was not hearsay.

Accordingly, given the absence of a definitive ruling by the Supreme Court that the statement in question constituted hearsay, this Court cannot say that the decision of the Appellate Division that the Confrontation Clause, as interpreted and applied in *Crawford*, did not bar Wilcox's testimony as to what he was told by Malloy, was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[28]

---

[24] *Silva*, 380 F.3d at 1020.

[25] *Id.* at 1020–21.

[26] This Court must also assume in the absence of evidence to the contrary that the jury followed those instructions.  *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000); *Francis v. Franklin*, 471 U.S. 307, 324 n.9 (1985); *see also Richardson v. Marsh,* 481 U.S. 200, 206 (1987) (noting the "almost invariable assumption of the law that jurors follow their instructions").

[27] *See United States v. Paulino*, 445 F.3d 211, 216 (2d Cir. 2006).

[28] 28 U.S.C. § 2254(d); *see Eisemann v. Herbert*, 401 F.3d 102, 110 (2d Cir. 2005); *McKinney v. Artuz*, 326 F.3d 87, 103 (2d Cir. 2003).

B.  *Admissibility of Craft's Statement to Malloy*.

As he did before the Appellate Division, Davis concedes before this Court that Craft's statement to Malloy was not "testimonial" in character,[29] and therefore did not fall within the *Crawford* proscription.  Instead, Davis argues that admission of the statement by Craft to Malloy violated *Ohio v. Roberts*,[30] *i.e.*, that there was no showing that the declarant was unavailable and the statement did not fall within a firmly rooted hearsay objection or demonstrate particularized guarantees of trustworthiness.[31]  The Appellate Division did not directly address this issue in its decision.  Accordingly, this Court must decide the issue *de novo* on the record before it.[32]

Davis's *Roberts* Confrontation Clause claim flounders on the same shoals as did his *Crawford* Confrontation Clause claim:  the statement was not offered to prove the truth of the matter asserted and was not, therefore, hearsay.  The Court agrees with Davis that to the extent his co-defendant's statement implicates Davis, if it were hearsay, it would be inadmissible under the *Roberts* test.[33]  *Roberts* and its progeny, however, apply only to hearsay statements, *i.e.*, those offered to prove the truth of the matter asserted.  To avoid the Confrontation Clause, absent other circumstances, it is sufficient that the statement be non-hearsay, *i.e.*, admitted for a purpose other than the truth of the matter asserted and an appropriate limiting instruction to that effect given.[34]  That occurred in this case:  The statement made by Craft to Malloy was not offered to prove that Davis committed the crime, but to establish the investigative steps taken in solving the crime, an

---

[29] *See Bourjaily v. United States*, 483 U.S. 171, 181–84 (1987) (statement made to a confidential informant not testimonial); *United States v. Saget*, 377 F.3d 223, 229 (2d Cir. 2004) (same).

[30] 448 U.S. 56 (1980).

[31] *Id*. at 65–66.  The Court notes that the "unavailability" prong of *Roberts* as an element of the confrontation clause was rejected by the Supreme Court as applied to the statements of a co-conspirator. *United States v. Inadi*, 475 U.S. 387, 392–97 (1986).

[32] *See Spears v. Greiner*, 459 F.3d 200, 203–04 (2d Cir. 2006).

[33] *See, e.g., Lilly v. Virginia*, 527 U.S. 116, 127–34 (1999) (the declaration against penal interest exception to the hearsay rule is not firmly established and accomplice confessions are inherently unreliable).

[34] *Tennessee v. Street*, 471 U.S. 409, 413–14 (1985), cited with approval in *Crawford*, 541 U.S. 59 n.9.

issue raised by the defense, and an appropriate limiting instruction was given.  This is all that is required.[35]  Thus, it is not hearsay, and *Roberts* is inapplicable.

The fact that Craft's statement to Malloy may have cast doubt on Davis's innocence does not bring that statement within the ambit of the Sixth Amendment Confrontation Clause.[36]  The statement made by Craft to Malloy was neither testimonial nor hearsay; consequently it cannot be said that the decision of the Appellate Division was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[37]

    C.  *Prejudicial Impact*.

The Supreme Court has acknowledged its "traditional reluctance to impose constitutional restraints on ordinary evidentiary rulings by state trial courts."[38]  "The introduction of unfairly prejudicial evidence against a defendant in a criminal trial . . . does not amount to a violation of due process unless the evidence 'is so extremely unfair that its admission violates fundamental conceptions of justice.'"[39]  "[T]he Due Process Clause does not permit the federal courts to engage in a finely tuned review of the wisdom of state evidentiary rules."[40]

Federal Rule of Evidence 403 permits the exclusion of evidence if its probative value is "outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  "A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules.  Assessing the probative value of [the proffered evidence], and weighing any

---

[35] *Furr v. Brady*, 440 F.3d 34, 39–40 (1st Cir. 2006).

[36] *United States v. Logan*, 419 F.3d 172, 178 (2d Cir. 2005).

[37] *See United States v. Goldstein*, 442 F.3d 777, 785 (2d Cir. 2006).

[38] *Crane v. Kentucky*, 476 U.S. 683, 689 (1986).

[39] *Dunnigan v. Keane,* 137 F.3d 117, 125 (2d Cir. 1998) (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)).

[40] *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Marshall v. Lonberger*, 459 U.S. 422, 438 n.6 (1983)).

factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 . . . ."[41]  New York employs a similar rule.[42]

As the Appellate Division noted, "[t]he defense pursued the theory that the investigation had been inadequate and failed to eliminate other suspects, and that defendant's confession had been involuntary."[43]  This defense strategy placed squarely at issue how and why Davis was identified as a suspect in the case.  Thus, the Appellate Division correctly determined the Craft statement to Malloy was relevant to the issues in the case.  There is no indication in the record that the challenged testimony was so prejudicial that the jury was unable to disregard its substantive content regardless of the purpose for which it was introduced and any curative instruction was likely to be disregarded, or, in light of Davis's own unchallenged confession, that the evidence of guilt was so underwhelming that the case came down to a credibility issue between Davis and Craft.[44]

Suffice it to say that, despite the myriad of cases involving accusatory statements by co-defendants presented to the Supreme Court, it has not held under facts even remotely similar to this case that such statements should have been excluded as being unduly prejudicial or inflammatory.  This Court cannot say that the decision of the Appellate Division was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[45]  Nor can this Court find that the Appellate Division unreasonably applied the correct legal principle to the facts of Davis's case within the scope of *Andrade–Williams–Schriro*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.  Davis is not entitled to relief on his first ground.

---

[41] *United States v. Abel,* 469 U.S. 45, 54 (1984).

[42] *People v. Scarola*, 525 N.E.2d 728, 732 (N.Y. 1988).

[43] *People v. Davis*, 805 N.Y.S.2d 435, 437 (N.Y. App. Div. 2005), *lv. denied*, 845 N.E.2d 1282 (N.Y. 2006).

[44] *See Furr*, 440 F.3d at 40.

[45] 28 U.S.C. § 2254(d).

Ground 2: Prosecutorial Misconduct—Improper Summation.

Davis contends that the prosecutor's misconduct during summation violated his Due Process right to a fair trial. Specifically, Davis contends that the prosecutor personally attacked both Davis and his defense counsel, mischaracterized the main thrust of counsel's arguments and suggested to the jury that he personally believed that Davis was willing to kill again. Davis argues that in view of the less than overwhelming proof of guilt, the fact that the prosecutor made the improper remarks during summation, coupled with the lack of curative measures, resulted in an unfair trial. The Appellate Division rejected Davis's arguments, holding:[46]

> Next, although we must disapprove of some of the prosecutor's remarks during summation (*see People v. Elliott,* 294 A.D.2d 870, 870-871, 740 N.Y.S.2d 918 [2002], *lv. denied* 98 N.Y.2d 696, 747 N.Y.S.2d 414, 776 N.E.2d 3 [2002]), we are unpersuaded by defendant's contention that they were pervasive or deprived him of a fair trial (*see People v. McCombs,* 18 A.D.3d 888, 890, 795 N.Y.S.2d 108 [2005]; *People v. Robinson,* 16 A.D.3d 768, 770, 790 N.Y.S.2d 586 [2005], *lv. denied* 4 N.Y.3d 856, 797 N.Y.S.2d 430, 830 N.E.2d 329 [2005]). Specifically, the practice of calling defendant a disparaging name and personally challenging the "guts" of defense counsel have no place in a criminal trial.

"[I]t is not enough that the prosecutor's remarks were undesirable or even universally condemned."[47] "The relevant question is whether the prosecutor's comments 'so infect[s] the trial with unfairness as to make the resulting conviction a denial of due process.'"[48]

This Court agrees with the Appellate Division that some of the comments made by the prosecutor in this case were improper. The Court notes, however, that Davis's characterization that the evidence of guilt was "less than overwhelming," is belied by the record. As the Appellate Division found, and the record supports, Davis confessed to the shootings both orally

---

[46] *Davis*, 805 N.Y.S.2d at 438.

[47] *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citations and internal quotation marks omitted).

[48] *Id*. (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, [643] (1974)); *Jenkins v. Artuz*, 294 F.3d 284 (2d Cir. 2002).

and in writing.[49]  While the eyewitnesses were unable to identify the shooter, his unchallenged confession is, in itself, overwhelming evidence of guilt.

The Appellate Division clearly applied the proper standard; accordingly, this Court cannot say that the decision of the Appellate Division was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[50]  Nor can this Court find that the state court unreasonably applied the correct legal principle to the facts of the Petitioner's case within the scope of *Lockyer–Williams–Schriro*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.  Davis is not entitled to relief on his second ground.[51]

Ground 3:  Illegal Sentence.

Davis argues, without factual elaboration or explanation, that imposition of consecutive sentences on the murder and attempted murder charges was illegal because the evidence at trial failed to prove beyond a reasonable doubt that the crimes involved two separate gunshots.[52]  The Appellate Division rejected Davis's arguments, holding:[53]

> Finally, consecutive sentences were authorized for defendant's discrete acts of shooting Chambers, causing her death, and firing shots at Morton, attempting to cause his death (*see* Penal Law § 70.25; *People v. Garcia,* 303 A.D.2d 600, 600,

---

[49] *Davis*, 805 N.Y.S.2d at 437.  Although it appears from the record that Davis challenged the voluntariness of his conviction before the trial court, he did not challenge it on direct appeal nor does he challenge it before this Court.

[50] 28 U.S.C. § 2254(d).

[51] Although Respondent contends that Davis has not properly exhausted his state court remedies as to this ground, the Court need not reach that issue as it may deny the petition on the merits notwithstanding a failure to exhaust.  28 U.S.C. § 2254(b)(2).

[52] The Court notes that Davis refers in one paragraph of his petition to consecutive sentences for the "kidnapping" [*sic*] and attempted murder charges, apparently a carryover from a similar statement in the Appellant's Brief filed by counsel in the Appellate Division.  The Court treats this as a mere scriber's error and that Davis is referring to the second-degree murder charge, not a non-existent kidnaping charge.

[53] *Davis*, 805 N.Y.S.2d at 438.

756 N.Y.S.2d 492 [2003], *lvs.* [*sic*] *denied* 100 N.Y.2d 580, 581, 764 N.Y.S.2d 391, 796 N.E.2d 483 [2003] ).

The evidence adduced at trial showed that the decedent sustained five separate gunshot wounds, while the victim of the attempted murder conviction sustained two "through and through" gunshot wounds to both forearms and a grazing bullet to his right thigh. Five 9mm casings and six .22 caliber casings were recovered from the scene. Two bullets and one fragment were removed from the decedent and two 9mm bullets were also recovered from the scene. From this evidence it may be logically inferred that the fatal wounds to the decedent and the wounds suffered by the second victim resulted from separate gunshots.

Under *Jackson v. Virginia*, the constitutional standard for sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[54] This court must, therefore, determine whether the decision of the Appellate Division on the merits unreasonably applied *Jackson*.

Davis's argument focuses on what evidence was not introduced, *i.e.*, that no bullets were recovered from the second victim. Davis misperceives the role of a federal court in a habeas proceeding challenging a state-court conviction. It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law.[55] Consequently, although the sufficiency of the evidence review by this Court is grounded in the Fourteenth Amendment, it must undertake its inquiry by reference to the elements of the crime as set forth in state law.[56] This Court is precluded from either re-weighing the evidence or assessing the credibility of witnesses. Under *Jackson*, the role of this Court is to simply determine whether there is any evidence, if accepted as credible by the jury, sufficient to sustain conviction of the crime as prescribed by state law. That such evidence exists is clearly established by the record in this case. Davis bears the burden of establishing by clear and convincing evidence that the

---

[54] 443 U.S. 307, 319 (1979) (emphasis in the original).

[55] *See Engle v. Isaac*, 456 U.S. 107, 128 (1982).

[56] *Jackson*, 443 U.S. at 324 n.16.

factual findings of the jury were erroneous; a burden Davis has failed to carry.  Here, the Appellate Division, a state court, found that there was sufficient evidence to support the finding that the shootings constituted separate and discrete acts under state law.  Review of that decision is beyond the purview of this Court in a federal habeas proceeding.

To the extent that Davis is arguing the imposition of consecutive sentences violated *Apprendi*,[57] his argument is foreclosed by *Oregon v. Ice*, 555 U.S. ____, 129 S.Ct. 711 (2009).  Davis is not entitled to relief under his third ground.

## V.  CONCLUSION AND ORDER

Davis is not entitled to relief on any ground raised in his petition.

**IT IS THEREFORE ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[58]  To the extent the issues raised in the petition were addressed by the Appellate Division, Third Department, no reasonable jurist could find that the decision was "objectively unreasonable."  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Second Circuit R. 22.

The Clerk of the Court is to enter final judgment accordingly.

Dated:  June 26, 2009.

/s/ James K. Singleton, Jr.<br>
JAMES K. SINGLETON, JR.<br>
United States District Judge

---

[57] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[58] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).